## STEPHEN SMITH *vs.* THOMAS DODGE.

In a conveyance of land, when the deed refers to monuments actually erected by the parties as the boundaries thereof, the land will pass according to the monuments, however the distance between them may be mistaken in the deed.

This was an action of covenant broken. The plaintiff alleged in his declaration, that the defendant by deed, dated November 1, 1817, conveyed to him a tract of land in Concord, in this county, bounded as follows—" Beginning at a " dry white pine tree, the northwest corner of the lot, thence " south 26 degrees west 133 rods to a stake and stones, " thence south 64 degrees east 179 rods to a small birch tree " spotted, thence north 26 degrees east 133 rods to a stake " and stones, thence north 64 degrees west 179 rods to the " bounds first mentioned ;" and in and by said deed covenanted with the plaintiff that he was seized of the said tract in his own right in fee simple ; when in fact, as the plaintiff alleged, he was not so seized. The defendant pleaded that he was seized, upon which issue was joined.

The cause was tried here at May term, 1820, when it appeared in evidence, that previous to the making of the deed mentioned in the declaration, the defendant had conveyed to one *B. Bailey* a part of the original lot, lying on the south side, and to one *W. Dodge* another tract, part of the same lot, and adjoining the part conveyed to *Bailey*. These tracts conveyed to *W. Dodge* and *Bailey* contained 100 acres. Before the said deed was made the plaintiff contracted with the defendant to purchase the residue of the original lot, and directed a surveyor to measure off the 100 acres conveyed as aforesaid to *W. Dodge* and *Bailey*, and then measure the residue of the lot, and make out a draft of a deed of it. The surveyor accordingly measured off the 100 acres, and then measured the residue, and found it amounted to ninety-six acres.

The following plan is a representation of the several parcels of the original lot. The parties, before the deed was made, erected and agreed upon monuments at C and D ; but when the surveyor drew the deed, he, by mistake, took the distances between A and E, and B and F, instead of the distances between A and C, and B and D, and the distances

thus taken by the surveyor were inserted in the said deed, so that if the length of chain between the monuments is to prevail, the deed includes the tract sold to *W. Dodge.*

NORTH.

96 acres, the residue of the lot.

W. Dodge.

B. Bailey.

SOUTH.

The court directed the jury, that if they believed that the parties erected monuments at the corners of the 96 acres, as the boundaries of the lot to be conveyed, those monuments must prevail, and be considered as the boundaries of the land conveyed; and as it was not disputed that the defendant was seized of the 96 acres, they must, if they believed the monuments to have been so erected, return a verdict for the defendant.

The jury returned a verdict for the defendant, and the plaintiff moved the court to grant a new trial, on the ground that the jury had been misdirected.

*J. C. Chamberlain*, for the plaintiff.

*By the court.* Whenever in a conveyance of land the deed refers to monuments actually erected as the boundaries of the land, it is well settled that those monuments must prevail, whatever mistakes the deed may contain as to the distances between the monuments. In this case we entertain no doubt that the direction to the jury was correct, and that there must be

*Judgment on the verdict.*