## BENTON *v.* McINTIRE.

A deed is not defeated by a manifestly erroneous statement of a monument, when the remaining description is sufficiently certain to locate the land.

WRIT OF ENTRY. Trial by the court. The plaintiff owns a piece of land in Lancaster village, out of which, previous to his acquiring his title, a lot, now owned by the defendant, had been conveyed by deed with the following description : "A certain piece or parcel of land with the buildings thereon, situated on the easterly side of Main street in Lancaster village, bounded and described as follows, viz. : Commencing at the north-west corner of the plot deeded by Jacob E. Stickney to the said N. G. Stickney, and run-

ning easterly perpendicular with the northerly line of said plot 21½ feet, thence southerly 21½ links to Bailey's northerly line, thence westerly parallel with the first mentioned line 21½ feet to the south-east corner of said plot deeded by J. E. Stickney to the said N. G. Stickney, thence northerly to the bound begun at. Meaning to convey the plot where the back shop stands and the land between it and the first mentioned line, together with the right of way to the rear of said building."

The description by courses and distances, as contained in the deed, is not an intelligible description of any land, and the plaintiff contended that that portion of the description should be wholly rejected, and resort should be had to the phrase "meaning to convey the plot where the back shop stands," and that this phrase should be construed to mean "the land covered by the back shop," which could be located. The defendant contended that there is manifestly an erroneous description of the bound begun at in the deed, and that upon applying the description to the back shop lot it is apparent that the place of beginning should read at the "north-east corner" instead of the "north-west corner" of the plot deeded by Jacob E. Stickney, as it is in the deed; and being so construed, and rejecting that part of the description which is manifestly erroneous, the deed gives an intelligible description of a piece of land extending about seven feet further east than the back shop extended. The court adopted this construction of the deed, and ordered judgment for the defendant, and the plaintiff excepted.

The plot of land deeded by Jacob E. Stickney to N. G. Stickney referred to is described in the deed of Jacob E. Stickney to N. G. Stickney as follows: "Commencing at a tamarack tree on the easterly side of Main street in Lancaster village, 14½ feet north from the north-west corner of F. Smith's lot which he now occupies, thence easterly 2 rods 22½ links, thence south through the centre of the building which I, J. E. Stickney, occupy as an office 21½ links to Frank Smith's northerly line, thence west 2 rods 22½ links on said line to the road, thence north 21½ links to the tamarack tree aforesaid, meaning to convey that place and the buildings now occupied by the said N. G. Stickney as a shoe store."

*Ossian Ray* (*W. Heywood* with him), for the plaintiff.    I. The description of the land conveyed is in two parts,—an attempted particular description by metes and bounds, and a general description.    The case finds that the particular description "is not an intelligent description of any land."    If the particular description stood alone, the deed would be void for uncertainty.    But there is a general description, viz., "meaning to convey the plot where the back shop stands," etc., "together with the right of way," etc. This part of the description is intelligible and ascertainable.

II. The plaintiff contends that the "elementary and obvious rule of construction" to be applied here is the same as laid down

in 2 Devlin on Deeds, s. 1041, where it is held that when "the particular description by metes and bounds is so uncertain that it is impossible to ascertain by reference to such description the particular parcel of land granted by the deed," the general description will prevail. ·

Sawyer v. Kendall, 10 Cush. 241, is directly in point. Bigelow, J., on page 246, says,—"By reason of some unexplained error, the metes and bounds in that part of the description which applies to the demanded premises are wholly uncertain, and it is impossible to ascertain by them the precise land granted by the deed. It is not a case, therefore, of two inconsistent descriptions, in which the general must yield to the particular, but of an uncertain and impossible description, which must be controlled by an intelligible though general description, given by a reference to the grantor's title by partition." See, also, Peaslee v. Gee, 19 N. H. 276; Ela v. Card, 2 N. H. 175; Bott v. Burnell, 11 Mass. 163.

III. Wells v. Company, 47 N. H. 235, 252, 261, 262, is an authority in our favor, that the starting-point cannot be changed from the north-west to the north-east corner. Bartlett, J., there says,— "The starting-point for ascertaining the bounds of Sargent's Purchase is the north-east corner of Dorcas Eastman's Grant, and the authorities already cited are decisive that in this action at law it cannot be shown that the word ' north-east ' was inserted in the deed by mistake for ' north-west.' " This ruling was approved in the same case, 48 N. H. 491, 509, 510, 539, 540.

IV. The defendant's contention "that there is manifestly an erroneous description of the bound begun at in the deed"—Stickney to Stickney—is unsound. Omitting the word "perpendicular," which is meaningless, and the word "south-east" in the third course, which is manifestly an error (Thompson v. Ela, 60 N. H. 562), the whole description is apparently well enough until applied to the ground by an actual survey. Then it is seen to be an entirely different plot from the one "where the back shop stands," described in the next clause of the deed. The unintelligibility of the description is not manifest nor apparent upon reading the deed, and only becomes so when an attempt is made to run out the land described. By applying the familiar rule, that monuments shall control courses and distances to the third call or course, viz., "thence westerly parallel with the first mentioned line 21½ feet to the south-east corner of said plot," the particular description, it will be seen at a glance, conveys nothing.

V. In the court below, the case of Thompson v. Ela, supra, was relied upon as an authority for rejecting the last clause of the description in the deed Stickney to Stickney, viz., " meaning to convey the plot where the back shop stands, and the land between it and the first mentioned line, together with the right of way to said building." We submit that our case is not governed by the rule there laid down. In Thompson v. Ela the error in the deed was

apparent on the face of the deed. There the description was, " beginning at the north-westerly corner of the premises, thence west," etc. *Clark,* J., says " the error consists in describing the place of beginning as the north-westerly instead of the north-easterly corner of the lot. To begin at the north-westerly corner of a lot of land and run west on a line of the same lot, is an impossibility. Taking the whole description, it is manifest that the point of beginning is the north-easterly corner of the lot; and rejecting the word north-westerly, which is evidently erroneous, the remaining description is sufficiently certain." Hence the ruling of the court below was erroneous. *Coburn* v. *Coxeter,* 51 N. H. 158.

VI. The explanation of this unintelligible description is outside the record, and immaterial now. When an attempt to reform the deed shall be made, what the parties really intended to convey will be clearly shown.

*Ladd & Fletcher,* for the defendant. A glance at the annexed diagram of the premises is necessary to an understanding of the case. If we take for a starting-point the north-east corner (B) of the plot before conveyed by J. E. Stickney to N. G. Stickney, everything is plain and intelligible. The description goes around the plot B E F C which J. E. Stickney then owned, and is exactly what was intended to be conveyed.

If we take for a starting-point the north-west corner (A), the description carries us, first, to G, on the north line of the plot before conveyed; then across the plot which the grantee already owned, and which was covered by his shoe shop, to (H); and then comes the requirement of a mathematical impossibility, namely, " thence westerly 21½ feet to the south-east corner," etc.,—that is, westerly from H to C—a manifest impossibility. The result is, that, if we take the literal language of the deed, no land is described.

If we should begin with the third point described in the deed, that is, the south-east corner of the plot deeded by J. E. Stickney to N. G. Stickney, and follow the lines back in the opposite direction from that in which they are put down in the deed, the clerical mistake of writing north-west for north-east becomes manifest, and the description goes upon the ground without difficulty. In whatever way the description be looked at, it is very plain that the mistake is simply a mistake in writing the deed, and such as does not leave the least doubt as to the exact land the parties intended to convey, and understood was conveyed, by the deed.

*Thompson* v. *Ela,* 60 N. H. 562, is in point, and is a more striking, although no more cogent, authority for the defendant than the great number of other cases where the same doctrine of construction is applied, for no other reason than because its facts were almost identical with those in this case.

EXPLANATION OF DIAGRAM.

A B C D, the plot conveyed by Jacob E. Stickney to N. G. Stickney by first deed—shoe shop.

B E F C, the plot intended to be conveyed to N. G. Stickney by second deed (first deed recited in the case).

AG GH HD, three lines of the plot conveyed by second deed, according to the literal terms of the description; that is, commencing at the "N. W." corner, etc., *except* that the third line, HD, by the call of the deed, must terminate at the south-east corner C, instead of at the south-west corner D.

L E F M, plot claimed by the plaintiff, as now understood.

A I K D, portion covered by old building at time of first deed.

A L M D, portion covered by present building.

ALLEN, J. A deed is not defeated by a manifestly erroneous statement of a course or monument, when the remaining description is sufficiently certain to locate the land. The erroneous statement may be rejected, and the deed will have effect according to the remaining description. *Harvey* v. *Mitchell*, 31 N. H. 575; *Thompson* v. *Ela*, 60 N. H. 562; *Bosworth* v. *Sturtevant*, 2 Cush. 392; *Parks* v. *Loomis*, 6 Gray 467.

In the description of the premises in the deed under which the defendant claims title, there is manifestly an error in giving the "north-west corner" of the plot before conveyed to the same grantee, as the initial boundary of the land described. From the general description in the deed, taken in connection with the plot before conveyed and referred to in this deed and its location, it is plain that the premises described and intended to be conveyed lie to the east of and adjacent to that plot, and that the first line described as running easterly could not begin at the "north-west corner" of the plot, but must necessarily begin at the north-east corner. Rejecting the word "north-west" as erroneous, the remaining part of the statement describes a definite and certain tract of land by metes and bounds, and one that must be taken as that intended by the parties to the conveyance. That tract includes the land in controversy, and upon the title made by this deed the defendant is entitled to judgment.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.