Rockingham,
No. 4292.

ELIHU T. ADAMS

*v.*

GEORGE MELLIAN AND SUN VALLEY BEACH, INC.

Argued April 7, 1954.

Decided July 1, 1954.

*George R. Scammon* and *Lindsey R. Brigham* (*Mr. Brigham* orally), for the plaintiff.

*Richard E. Shute* (by brief and orally), for the defendants.

LAMPRON, J. The plaintiff alleging a continuing trespass on his property by the defendant Mellian sought relief in equity because he had no adequate remedy at law. In his bill he asked that title to the premises in question be determined and that they be decreed to be his property. During the course of the hearing it was agreed by the parties that the boundary line between their respective properties was the end of the marsh land and the beginning of the beach land. Plaintiff's land was westerly thereof and defendants' land easterly. There remained however the problem of locating that line on the locus.

Having admitted in his bill that defendant Mellian was in possession of part of the land in controversy the burden was on the plaintiff to prove his ownership thereof. *Jodoin* v. *Baroody,* 95 N. H. 154; *Susi* v. *Davis,* 134 Me. 308; *Cf. Currier* v. *Thompson,* 70 N. H. 250.

After viewing the premises and hearing the testimony the master concluded that: "A determination by the master, on the evidence, as to whether or not the premises now occupied by the defendant, are included within those to which the plaintiff secured title in the deed from the town of Seabrook would be highly conjectural . . . The burden of establishing the fact that that possession is adverse to the plaintiff's rightful claim to the property so occupied is upon the plaintiff. The master finds that that burden has not been met." The record supports those conclusions and does not compel the contrary.

We know of no authority granted to the Superior Court under its general equity jurisdiction or at common law to establish a boundary line the location of which is in dispute between the parties, without one or the other party sustaining the burden of proving its location. *Wendell* v. *Abbott,* 43 N. H. 68, 78; 11 C. J. S. 697; See *Bemis* v. *Bradley,* 126 Me. 462.

Nor does R. L., *c.* 371, *s.* 3, grant such authority. Its purpose was "to remove the difficulty which prevented, at common law, one in possession of real estate from obtaining an adjudication against one who disputed, but did not disturb, his rightful possession by legal action or overt act." *Harvey* v. *Harvey,* 73 N. H. 106, 108; *Walker* v. *Walker,* 63 N. H. 321, 324. It does not show any intention on the part of the Legislature to change the usual requirement imposed upon the parties of proving the facts on which they rely for relief.

Nor does it impose upon the Court the duty nor grant it the right to establish a boundary line in the absence of such proof.

Although the course taken by the master constituted a practical approach to the problem it is not authorized by law. See 11 C. J. S. 697. The additional statement should therefore have been dismissed and a decree entered in compliance with the principal report. The case is therefore remanded to the Superior Court for such action.

*Exceptions sustained.*

All concurred.