Carroll,
No. 6357.

Daniel M. Judge & *a.*

*v.*

Chester E. Field & *a.*

September 29, 1972.

*Cooper, Hall & Walker* and *Donald F. Whittum* (*Mr. Whittum* orally) for the plaintiffs, Daniel M. and Barbara M. Judge.

*David S. Sands,* by brief and orally, for the defendants, Chester E. and Edith Field.

LAMPRON, J. Petition to quiet title and for other relief arising out of a disputed boundary line between the adjoining lots of the parties situated on the northerly shore of Lovell Lake in Wakefield. The dispute concerns the ownership of a strip of land 17 feet wide and about 100 feet long which will determine the westerly boundary of the Judge lot and the easterly boundary of the Field lot. Trial by the Court (*Grant,* J.) resulted in the following order: "Title to the 17 foot strip of land in dispute between the parties is decreed to be the property of Daniel M. & Barbara M. Judge." Defendants' motion to set aside the decree as against the law and the evidence and the weight of the evidence was denied and their exception reserved and transferred.

The parties traced their titles back to a common grantor, Helen A. Lancaster. Plaintiffs, Daniel and Barbara Judge, obtained their title by a conveyance from Aaron A. and Marian Johnson on March 19, 1954. The Johnsons received title to this lot by a deed from Miss Lancaster dated October 23, 1945. The defendants, Chester and Edith Field, obtained their title by deed from Miss Lancaster dated November 2, 1960. Their property is situated westerly of the Judge premises and the description in their deed would include the 17-foot strip in question if not previously deeded by Miss Lancaster to the Johnsons and by them to the plaintiffs.

For the purposes of this case the descriptions in the Lancaster to Johnsons deed and in the Johnsons to Judges deed are identical as follows:

"A certain tract or parcel of land situated on the Northerly shore of Lovell Lake in the town of Wakefield, County of Carroll and State of New Hampshire, bounded and described as follows: Beginning at an iron post on the shore of Lovell Lake and running North twenty (20) degrees East by said Lancaster land a distance of about one hundred (100) feet to an iron post on the so-called Pond Road, thence Westerly by said Pond Road a distance of one hundred and seventeen (117) feet to an iron post, thence South twenty (20) degrees West to an iron post and shore of said Lovell Lake a distance

of approximately one hundred (100) feet, thence Easterly by the shore of said Lovell Lake a distance of one hundred and seventeen (117) feet to an iron post, the point of beginning. Pine tree on shore is boundary on first dimension."

Plaintiffs admitted in their petition that, since receiving their conveyance from Miss Lancaster, the defendants have occupied the 17-foot strip in question claiming fee title thereto. Consequently the burden was on the plaintiffs to prove ownership of this disputed strip of land. *Adams* v. *Mellian,* 99 N.H. 140, 142, 106 A.2d 389, 390 (1954).

Plaintiff Daniel Judge testified that when he negotiated with the Johnsons for the land he purchased from them in 1954 there were then four bounds in the ground enclosing a lot of approximately 100 by 100 feet. These bounds were labeled in a counterclockwise manner on a plan used during the trial as "A", "B", "C", and "D". Bound "A", which marks the point of beginning of the plaintiffs' land and its southeast corner, was an iron post at the base of a large pine tree. It is the only bound found by Davis who surveyed the premises for the plaintiffs in October 1967. Judge further testified that these four bounds were pointed out to him "indirectly" by Mr. Johnson in 1954 and were there prior to the time plaintiffs purchased their premises. He further testified that Johnson did not indicate to him that he had placed these bounds.

Plaintiff Judge, having admitted, as previously stated, that there were four bounds enclosing a lot 100 by 100 feet when he approached the Johnsons, testified that, after negotiations, the Johnsons agreed to sell them an additional 17-foot strip of land westerly of bounds "C" and "D". He further admitted that these bounds were not relocated to include the additional 17-foot strip and that the bounds which now include this strip were placed there by Davis as a result of his 1967 survey. The latter testified that he located the bounds where they would give the Judges 117 feet on the north and south of their land the distances stated in their deed.

There is no evidence that the Johnsons, from whom the Judges claim title to the disputed strip, owned any land in the area in question other than that which they obtained in 1945 from Miss Lancaster which conveyance described

the premises as enclosed within four bounds. It is uncontradicted that there were four bounds enclosing a lot 100 by 100 feet when the Judges purchased their land in 1954 which bounds antedated their purchase. It is also uncontradicted that the same description was used in both the Lancaster deed to the Johnsons and the deed from the latter to the plaintiffs Judges and described the conveyed land as being within four bounds marking its four corners.

It has long been the law in this State that monuments upon the ground are controlling over measurements in the deed and that in case of a discrepancy between them the monuments upon the ground are controlling. *Smith* v. *Dodge,* 2 N.H. 303, 304 (1820); *Fagan* v. *Grady,* 101 N.H. 18, 131 A.2d 441 (1957); *Harmon* v. *Kennett Company,* 103 N.H. 219, 225, 168 A.2d 482, 486 (1961). The fact that all these monuments can no longer be found does not alter this rule when as in this case their existence and location at the time of the conveyance to the plaintiffs has been established. *Murray* v. *King,* 109 N.H. 178, 246 A.2d 99 (1968).

We hold that on the record the plaintiffs have failed to sustain their burden of establishing title to the disputed 17-foot strip of land. The decree of the court in their favor must be vacated and the defendants' exception to the denial of their motion to set it aside sustained. The order is

*Judgment for defendants.*

GRIMES, J., did not sit; the others concurred.