Carroll
No. 7182

HORACE L. RICHARDSON & a.

v.

CURTIS SCHNEIDER & a.

June 30, 1975

*Nighswander, Lord, Martin & KillKelley (Mr. David J. KillKelley* orally) for the plaintiffs.

*Sheehan, Phinney, Bass & Green* and *E. Paul Kelley (Mr. Kelly* orally) for the defendant.

GRIMES, J. The sole issue on appeal is whether the master and the superior court, which approved the master's report, erred in determining the extent of land adversely possessed by the defendant. We believe they did.

This appeal is the second chapter in this controversy. In *Richardson v. Schneider,* 112 N.H. 475, 298 A.2d 583 (1972), we established a boundary line which gave the Richardsons ownership of a peninsula. The Schneiders had built a camp in 1935 on the peninsula and the master had found that they had acquired title to some portion of the peninsula by adverse possession but could not determine the extent of their ownership. We therefore remanded the case for further hearing in the event the parties could not agree. They could not agree, and a hearing was then held before the Master, *Norman H. Stahl,* Esq., whose report was approved by *Flynn,* J., who transferred defendants' exceptions.

The master quieted the title of the plaintiffs to the entire peninsula except for a portion around the camp shown on a plan (Plfs' Exh. 34), which, it is represented, depicts an offer of compromise by the plaintiffs. Defendants claim they are entitled to more.

The master ruled that where there was no color of title the claimant must establish the extent of his adverse possession by metes and bounds. He also ruled, relying on *Adams v. Mellian,* 99 N.H. 140, 106 A.2d 389 (1954), that the superior court had no jurisdiction to determine the boundaries of the adverse possession unless the burden of proof is met. At the time the master's report was filed, we had not decided *Frew v. Dasch,* 115 N.H. 274, 339 A.2d 18 (1975), which pointed out the limitations of the *Adams* case.

The master did find that the Schneiders "made continuous use of the fireplace area, the camp itself and perhaps the dump area . . . [and that] the testimony of the elder Schneider is credible and believable as to the use of the dump area and the fireplace area." However he did not include those areas in that part of the peninsula

which he found belonged to the Schneiders. Having made the specific findings that their use extended to the fireplace and dump, his ultimate finding must be consistent with them. *See Bean v. Quirin,* 87 N.H. 343, 350, 180 A. 251 (1935).

We hold therefore that the defendants are entitled, under the findings of the master, to have the area of their ownership as determined by the master, enlarged to include the fireplace and dump areas. The matter is remanded for the actual location of the area of adverse possession if the parties cannot agree.

*Remanded.*

All concurred.