Strafford
No. 81-358

PHEBE CHAO

v.

THE RICHEY COMPANY, INC. & a.

December 29, 1982

*Larson & Pletcher*, of Londonderry (*Larry B. Pletcher* and *Jay E. Printzlau* on the brief, and *Mr. Pletcher* orally), for the plaintiff.

*Gregg M. Lewis*, of Center Barnstead, by brief and orally, for the defendant The Richey Company, Inc.

BATCHELDER, J. This is an appeal from the denial of a petition to quiet title to a 22.4 acre parcel of land located in Strafford. The plaintiff, Phebe Chao, and the defendant The Richey Company, Inc., each claim title based upon the language in their respective deeds, the critical boundary of which is the precise location of the Farmington-Strafford town line. Another portion of the land claimed by the plaintiff is also claimed by Maurice Woods, an abutter defendant, and the Bank of New Hampshire claims a mortgage interest in the Woods property. The Master (*Robert A. Carignan*, Esq.) recommended a finding for the defendants. The recommendation was approved by *Temple*, J. We affirm.

The plaintiff's title to approximately 30 acres of land and buildings in the town of Strafford was derived from a warranty deed of John and Virginia Colman dated June 17, 1970, describing three parcels, two of which were described as being bounded on one side by the Farmington-Strafford town line. The deed described the land as being located in the town of Strafford, and the description made reference to an unrecorded plan (the Nolte Plan):

" . . . the same being delineated on plan entitled, plan of land, first Crown Point Road, Strafford, N.H., surveyed for Locke Development Corporation, scale $1'' = 100'$, August 1969, W. Robert Nolte and Associates, land surveyors, Nashua, N.H. 'to be recorded in the Strafford County Registry of Deeds.' "

As it appears on the plan, the course description, which is the basis for this litigation, is styled "Approximate Town Line, Farmington, Strafford."

On July 18, 1976, Locke Development Corporation, the previous common owner of the land in dispute, conveyed to the defendant The Richey Company, Inc. a parcel of approximately two hundred acres, "known as the Frank Welch place," situated in the towns of Strafford and Farmington, excepting those premises conveyed to John and Virginia B. Colman (now the Chao property), as well as all portions of the Frank Welch place situated north of the town line between Farmington and Strafford. It is through this conveyance that the defendant The Richey Company, Inc. acquired its alleged interest in the 22.4 acre parcel. The "Nolte" town line and the actual town line are approximately 600 feet apart and run parallel to each other. It is in the area between these two lines that the 22.4 acres which is in dispute are located.

The master made a factual finding that there was a discrepancy between the actual town line and the "Approximate Town Line" as shown on the Nolte plan. He further found that the actual line was more than 600 feet distant from and parallel to the "Approximate Town Line" shown on the Nolte plan. Both findings are supported by the evidence in the record. This discrepancy between the actual town line and the town line delineated in the deed, assuming all other boundaries, with the exception of the sidelines, remain the same, will amount to an additional 22.4 acres accruing to the plaintiff.

The issue before us is whether, in the face of evidence that the intent of the deed was to convey approximately thirty acres, the fact-finder is bound by a rule of construction of deeds that would result in an additional twenty-two acres accruing to the plaintiff.

■■ When interpreting deeds, the general rule is to determine the intent of the parties at the time of the conveyance in light of the surrounding circumstances. *MacKay v. Breault*, 121 N.H. 135, 139, 427 A.2d 1099, 1101 (1981); 6 G. THOMPSON, REAL PROPERTY § 3022, at 448 (perm. ed. 1962). There are also other rules of construction which have been developed to aid in resolving ambiguities in deeds. One such rule of construction provides that when a deed describes

the property in terms of monuments, the monument will prevail over courses and distances. *Mastin v. Prescott*, 122 N.H. 353, 355, 444 A.2d 556, 558 (1982); *Judge v. Field*, 112 N.H. 337, 340, 295 A.2d 459, 461 (1972); *Smith v. Dodge*, 2 N.H. 303, 304 (1820).

A town line, such as the boundary between Strafford and Farmington, is considered a monument, *Land Company v. Saunders*, 103 U.S. 316, 321–22 (1880), and the parties to this case agree that the "Strafford-Farmington" line is a monument. On the basis of the rule that monuments prevail over courses and distances, the plaintiff contends that the 22.4 acres in dispute belong to her, notwithstanding the evidence that all the other courses in the deed description describe the parcel intended to be conveyed to the plaintiff.

It is well-established that a mistaken term, course, or boundary, used inadvertently in a deed, may be rejected where its effect would be to defeat the purpose of the parties to the deed. *Winnipisiogee Paper Co. v. New Hampshire Land Co.*, 59 F. 542, 547 (C.C. D.N.H. 1893); *cf. Benton v. McIntire*, 64 N.H. 598, 602, 15 A. 413, 414 (1888) (deed not defeated by manifestly erroneous description of course or monument, when remaining description sufficient to locate land; erroneous statement is rejected and deed will have effect according to remaining description).

Traditionally, we have held that where boundaries described in a deed are inconsistent, the one which prevails will be the boundary most in accordance with the intention of the parties, as manifested on the face of the deed. *Driscoll v. Green*, 59 N.H. 101 (1879). Additionally, modern authority permits the use of extrinsic evidence to determine the intent of the parties and the construction of the property's description. *MacKay v. Breault*, 121 N.H. at 140, 427 A.2d at 1101 (citations omitted).

The record shows that the description in the Chao deed designates the property's northeasterly boundary as the town line, as well as setting forth the course and distance description for that boundary. However, the record in this case also indicates that Dr. Chao's intent at the time of purchase was to acquire "[t]hirty some acres and that the Colmans' intent was to convey a parcel of this size." The Nolte plan, referenced in the deed, which incorrectly calls the plaintiff's northeasterly boundary the approximate town line, nevertheless provides a description in courses and distances of a parcel of land of thirty-three acres. Furthermore, there was testimony that the purchase-and-sale agreement called for thirty-three acres to be conveyed to the plaintiff. All this may be deemed evidence of the intent of the parties at the time of the deed.

 While the interpretation of deeds is ultimately for this court, we rely upon the determination of the parties' intentions when properly made by the trier of fact. *MacKay v. Breault*, 121 N.H. at 139, 427 A.2d at 1101. The location of monuments and the determination of boundaries conforming to a description in a deed is a question of fact for the court. *Mastin v. Prescott*, 122 N.H. at 355, 444 A.2d at 557. Where the fact-finder's determinations as to the location of boundaries are supported by evidence, they will not be disturbed. *Seely v. Hand*, 119 N.H. 303, 307, 402 A.2d 162, 165 (1979).

 The rule of construction of deeds that monuments prevail over courses and distances is an aid used to determine the intent of the grantor; it is not mandatory in the face of convincing proof of contrary intent. *Millyard v. Faus*, 268 Cal. App. 2d 76, 84, 73 Cal. Rptr. 697, 703 (1968). Because there is substantial evidence supporting the master, we will not disturb the master's findings that the intent of the parties was to convey by deed property which was most accurately described by the courses and distances.

*Affirmed.*

All concurred.