Rockingham
No. 81-475

JOHN R. COOPER & a.

v.

FRANK M. BARILONE & a.

March 28, 1983

*Eaton, Solms, Mills & McIninch*, of Manchester (*Douglas A. McIninch* on the brief and orally), for the plaintiffs.

*Troisi P.A.*, of Salem (*James J. Troisi* on the brief and orally), for the defendants.

BROCK, J. The ultimate issue in this boundary dispute case is whether the trial court erred in determining the location of the common boundary line between land of the parties. After a hearing on the plaintiffs' petition to quiet title, RSA 498:5-a (Supp. 1979), and request for injunctive relief, the Master (*Douglas R. Gray*, Esq.) recommended that the common boundary be established at a location requested by neither party. The Superior Court (*Nadeau*, J.) approved the master's recommendation, and the plaintiffs appealed. For the reasons that follow, we affirm.

The parties own adjoining tracts of land in Windham, which were once part of a large tract of land owned by Cornelia Schumaker. The plaintiffs' property, consisting of approximately sixteen-and-one-half acres, was first conveyed by Mrs. Schumaker in 1964 and was acquired by the plaintiffs in 1979. Both the 1964 deed, and the deed to the plaintiffs in 1979, described the tract as being bounded on the south by the land now owned by the defendants. The defendants' property, consisting of approximately four acres, was first conveyed by Mrs. Schumaker in 1961 and was acquired by the defendants in 1978.

At issue is the exact location of the boundary between the plaintiffs' and the defendants' land. The plaintiffs claim title to a long strip of land, about thirty feet wide and approximately 800 feet long, comprising the northernmost portion of the tract the defendants claim they own. The dispute over this strip of land has arisen

by virtue of the language in the defendants' deed. The description of the land acquired by the defendants reads as follows:

"A certain parcel of land situated in Windham, County of Rockingham and State of New Hampshire, bounded and described as follows:

Beginning at the end of a stone wall on the Westerly side of the Kendall Pond Road so-called, at land formerly of Downing, now of Robert Andrews; *thence running Northerly by said Kendall Pond Road 220 feet; thence running Westerly by land now or formerly of Cornelia C. Schumaker, by a course parallel with and 220 feet distant northerly from the stone wall first mentioned to Beaver Brook;* thence running southerly following said Beaver Brook to the stone wall aforesaid; and thence running Easterly by said stone wall to the point of beginning." (Emphasis added.)

The description in the defendants' deed is predicated on the erroneous assumption that Kendall Pond Road runs at a ninety-degree angle to the stone wall described in the deed. Thus, the deed purports to convey 220 feet of frontage on Kendall Pond Road and then establishes an approximately 800-foot long boundary from the road to Beaver Brook, which boundary is parallel to the stone wall to the south and 220 feet from it. The deed then describes the westerly boundary as following Beaver Brook, and finally describes the southerly boundary as being a stretch of land from the brook back to Kendall Pond Road along the stone wall. In other words, the deed purports to convey a more-or-less rectangular tract with parallel east-west boundary lines. This configuration, however, is a physical impossibility due to the fact that Kendall Pond Road does not intersect the stone wall at a ninety-degree angle. Rather, the road runs in a slanted northeast-southwest direction. Because of this, it was impossible to convey a tract having 220-foot frontage on Kendall Pond Road and at the same time have the east-west northerly boundary be 220 feet away from and parallel to the stone-wall southerly boundary. (See attached diagram.)

The plaintiffs, two brothers who intend to subdivide and build houses on their land, claim that this acknowledged discrepancy should be resolved by making the 220-foot distance along Kendall Pond Road the controlling measurement for interpreting the deed. They argue that the northerly boundary of the defendants' property should be a line parallel to the stone-wall southerly boundary beginning at the 220-foot mark on Kendall Pond Road. As a result, the defendants' property would be only 190-feet wide, diminishing their

total acreage by over one-half of an acre. In addition, the plaintiffs' proposed boundary line would cut through the center of the defendants' garden.

The defendants argued before the master that the proper location of the northerly boundary was the existing line of occupation. That line begins at the 220-foot mark on Kendall Pond Road and slants westerly and slightly north to the end of their garden plot, at which point it levels out and runs westerly, parallel to the stone-wall southerly boundary 220 feet distant. The defendants further claim that their existing line of occupation corresponds to the grantor's *visual* sense of a straight and parallel line beginning at the 220-foot mark on Kendall Pond Road. The fact that this perception was false was not discovered at the time of the conveyance because the property was not surveyed.

After hearing extensive testimony and taking a view, the master ruled that he would resolve the discrepancy or ambiguity in the deed in light of the parties' intent at the time of the initial conveyances. The master found that Mr. Schumaker, who handled these property transactions for his wife, Cornelia, had intended "to convey a parcel of land, rectangular in shape, with a frontage of two hundred twenty (220') feet along Kendall Pond Road and a northerly boundary parallel to and two hundred twenty (220') feet northerly of the southerly boundary and running from the road to the brook."

Noting that this intended conveyance could not actually be made, the master determined that the grantor's primary intent had been "to convey a rectangular lot having a width of two hundred twenty (220') feet." The master then decided to retain the deed's uncontested 220-foot reference point on Kendall Pond Road as the defendants' frontage on the road, and drew a diagonal line connecting that point and the point to which the radius of a ninety-degree angle drawn from the southeast corner of the defendants' land extends northerly a distance of 220 feet. In other words, the master drew the boundary so that it would resemble, as closely as possible, a rectangle 220 feet in width, without granting the defendants more footage on Kendall Pond Road than the deed purported to convey to them.

The plaintiffs argue on appeal that the master wrongly applied the doctrine of "senior rights", and that his decision in this case was not supported by sufficient evidence. We find, to the contrary, that the master properly applied the law in this case.

It is well settled that the location of a boundary is "a question of fact for the trier of fact to decide." *Mastin v. Prescott*, 122 N.H. 353, 355, 444 A.2d 556, 557 (1982). The master ruled correctly that the deed should be interpreted and its boundaries ascertained

in light of the parties' intentions. *Chao v. The Richey Co.*, 122 N.H. 1115, 1118, 455 A.2d 1008, 1010 (1982); *MacKay v. Breault*, 121 N.H. 135, 139, 427 A.2d 1099, 1101 (1981). The master also properly admitted parol evidence relating to the boundaries the grantor intended to convey, where the deed itself was unclear. *Id.* at 139, 427 A.2d at 1101.

The master's finding that Mr. Schumaker intended to have the deed convey what he thought was a 220-foot wide rectangular lot was supported at trial by testimony of Mr. Schumaker himself. Indeed, Mr. Schumaker explained that the land had not been surveyed at the time of the initial conveyance, and that the parties had relied on their visual perception that the lot was, in fact, rectangular. Prior owners of the defendants' lot also testified that they had considered the land up to the line of occupation as theirs. *See id.* at 140, 427 A.2d at 1102.

■ Our review of the record indicates that there was substantial evidence to support the master's decision, and we will not, accordingly, disturb it. *Chao v. The Richey Co.*, 122 N.H. at 1119, 455 A.2d at 1011; *MacKay v. Breault*, 121 N.H. at 140, 427 A.2d at 1102.

■ Finally, the plaintiffs argue that certain findings and rulings made by the master were inconsistent with his decision. Our review of the record indicates that the master considered those requests for findings and rulings which were timely filed under Superior Court Rule 72, and we find no merit to the plaintiffs' arguments.

*Affirmed.*

All concurred.