**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0579, <u>Diethild M. Beckman v. Mark L. Faretra & a.</u>, the court on May 12, 2017, issued the following order:**

Having considered the briefs, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Diethild M. Beckman, appeals an order of the Superior Court (<u>Howard</u>, J.), following a bench trial, in favor of defendants Mark L. Faretra and Susan J. Faretra, on the parties' cross-petitions to quiet title, and in favor of defendant David W. Vincent and the Faretras on the plaintiff's claim for slander of title. The plaintiff argues that the trial court erred by: (1) finding the 1939 deed in her chain of title ambiguous and considering extrinsic evidence to determine the disputed boundary; (2) finding that the grantor of the 1939 deed mistakenly thought that the town and county line ran along a stone wall; (3) finding that the 1939 misconception resulted in the disputed area belonging to the Faretras; (4) not finding that the Faretras' 1990 grantors were indispensable parties; (5) not finding that the description in the 1990 deed to the Faretras controlled whether the Faretras owned the disputed area; (6) incorrectly construing various deeds; (7) not expunging the Faretras' 1996 quitclaim deeds; (8) dismissing her slander of title claim; (9) not rejecting, <u>sua</u> <u>sponte</u>, five days of trial testimony when the defendants did not introduce certain historical deeds; and (10) "transforming [her] 12 acre homestead triangle into an 11+ acre trapezium."

In an action to quiet title, each party bears the burden to prove good title to the property at issue as against all other parties whose rights might be affected by the trial court's decree. <u>Austin v. Silver</u>, 162 N.H. 352, 353 (2011). The trial court's obligation is to determine the parties' questions and disputes relative to the property and to quiet and settle title to such property. <u>See</u> <u>Sorenson v. Wilson</u>, 124 N.H. 751, 758 (1984); RSA 498:5-d (2010).

While the interpretation of deeds is ultimately for this court, we rely upon the determination of the parties' intentions when properly made by the trier of fact. <u>Chao v. The Richey Co., Inc.</u>, 122 N.H. 1115, 1119 (1982). It is well-established that a mistaken term, course, or boundary, used inadvertently in a deed, may be rejected when its effect would be to defeat the purpose of the parties to the deed. <u>Id</u>. at 1118. The trial court may properly consider parol

evidence relating to the boundaries the grantor intended to convey, when the deed itself is unclear.  Cooper v. Barilone, 123 N.H. 203, 207 (1983).

The location of monuments and the determination of boundaries conforming to a description in a deed is a question of fact for the trier of fact. Chao, 122 N.H. at 1119.  A town line is considered a monument.  Id. at 1118. We will not disturb the trial court's determinations as to the location of boundaries if they are supported by evidence.  Id. at 1119.

It is the burden of the appealing party, here the plaintiff, to provide so much of the record as is necessary to decide the issues she is raising.  See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004).  When, as in this case, the appealing party has not provided a transcript of trial, we assume that the evidence supports the result reached by the trial court, id., and review its decision for errors of law only, Atwood v. Owens, 142 N.H. 396, 396-97 (1997).

As the appealing party, the plaintiff has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's well-reasoned order, the plaintiff's challenges to it, the relevant law, and the limited portions of the record provided on appeal, we conclude that the plaintiff has not demonstrated reversible error.  See id.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**