Strafford,
No. 4499.

VINTON R. YEATON, *Ex'r v.* HAROLD W. SKILLINGS.

HAROLD W. SKILLINGS *v.* VINTON R. YEATON, *Ex'r.*

Argued September 4, 1956.

Decided October 2, 1956.

*Wyman, Starr, Booth, Wadleigh & Langdell* and *Philip G. Peters* (*Mr. Peters* orally), for Vinton R. Yeaton, executor.

*Russell H. McGuirk* and *Robert B. Donovan* (*Mr. Donovan* orally), for Harold W. Skillings.

BLANDIN, J.   The defendant Skillings argues that in ruling his signatures on all the notes were admitted to be genuine, the Court erroneously applied Superior Court Rule No. 42 (99 N. H. 614) which reads as follows:   "The signatures and indorsements of all written instruments declared on will be considered as admitted unless the defendant shall file a notice within three days after the

return day at which the writ is entered that they are disputed." The defendant claims this rule must be construed with Rule No. 41, which provides: "Any party proposing to use any written evidence upon the trial may file it within twenty days after the return day named in the writ and on the date of said filing shall give notice thereof in writing to the attorney for the adverse party; and its execution will be considered as admitted unless the adverse party shall, within twenty days after the filing of said evidence, file a notice and give a copy to the attorney of the party filing the paper, that he shall contest the execution." The section dealing with these two rules is headed, "Written Evidence and Signatures." Rule No. 41 refers to the admission of the execution of documents which are to be offered in evidence, while Rule No. 42 refers to the admission of the authenticity of the signatures and endorsements of notes and other written instruments declared on. It appears clear to us that the rules are separate and that they deal with different subjects. The authorities support this view. *Williams* v. *Gilchrist*, 11 N. H. 535; *Great Falls Bank* v. *Farmington*, 41 N. H. 32, 38-39; *Willoughby* v. *Moulton*, 47 N. H. 205; see also, *Bank* v. *Noyes*, 62 N. H. 35. We believe the notes in question here were adequately "declared on" within the requirements of Rule No. 42 so as to apprise the defendant Skillings of all necessary facts to enable him to decide whether he should contest the signatures. There is no indication in our cases that a note must be "reproduced in its exact form" as contended by the defendant. The specification containing all essential facts including dates, amounts, interest and payments on account was adequate. The enforcement of this rule was within the discretion of the Trial Court and the record disclosing no abuse, the defendant's exception is overruled. *Merchants Nat. Bank* v. *Sullivan*, 98 N. H. 151.

Skillings also contends that he was prejudiced by the admission and exclusion of certain evidence. The Court permitted the plaintiff executor to testify as to what the testatrix told him about the promissory notes. The admissibility of this hearsay testimony rests on RSA 516:25, the material portions of which read as follows: "In actions, suits or proceedings by or against the representatives of deceased persons . . . any statement of the deceased, whether oral or written, shall not be excluded as hearsay provided that the trial judge shall first find as a fact that the statement was made by decedent, and that it was made in good faith and on decedent's personal knowledge." While it was provided when this legislation

became effective on May 26, 1953, (Laws 1953, c. 182) that it was not to apply to pending actions, which would include the present suits, yet the parties having submitted that it was to apply and the Court having applied it, it became the law of the trial. *Leavitt* v. *Bacon,* 89 N. H. 383. The obvious purpose of this statute, which amended R. L., c. 392, ss. 25-27, was to prevent injustice to the estates of deceased persons by permitting an executor in certain circumstances to give the deceased's version of a disputed transaction. The admissibility of the evidence is based upon guarantees of truthfulness in the form of preliminary findings by the Court. Here the required findings, which the record supports, were made and the evidence was properly received.

The defendant further claims that he was prejudiced because the Court first excluded and later upon reconsideration admitted certain testimony offered by Skillings. Such procedure is not uncommon and nothing in the record warrants the conclusion that the trial was rendered unfair. *Sullivan* v. *LeBlanc,* 100 N. H. 311. It follows that the defendant's exceptions to the admission and exclusion of evidence and to the procedure followed by the Court are overruled.

Exceptions were also taken to the refusal of the Court to receive evidence in the form of a deposition or statement under oath made by Skillings in a separate action against him by the special administrator of Sarah Rollins' estate. The suit was founded upon three of the six promissory notes which form the basis of the present action. At the time the statement was given, Skillings had not brought his counteraction for services against the estate, and although counsel for the special administrator was present, the executor was not. The previous history of litigation growing out of this estate shows that relations between the special administrator and the executor have not been harmonious (*Towle* v. *Yeaton,* 97 N. H. 427), and it is undisputed that the executor received no notice that the statement or deposition was to be taken. Its use in the probate court in a different action, now abandoned, by the special administrator to recover from a bonding company certain sums allegedly taken by Skillings from Mrs. Rollins, lends little weight to the argument for its admissibility here. The vital question is whether at the time the statement was taken, the interest and motive of the cross-examination of Skillings by the special administrator were the same as those of the executor. 5 Wig. Ev. (3d ed.) 95; see also, *Bailey* v. *Woods,* 17 N. H. 365, 372; *Morrison* v.

*Noone,* 78 N. H. 338, 341. It has been said that "The determination of this ought to be left *entirely to the trial judge."* Wig., Ev., *supra.* (Emphasis supplied). In all the circumstances the record discloses no abuse of discretion and the Court's ruling is sustained.

It appears that two of the six notes declared on were made more than six years before the bringing of the writ and hence the defendant argues the statute of limitations applies. RSA 508:4. However, in each instance, the plaintiff's declaration alleged a payment on account within the statutory period, which if proved, would have suspended the running of the statute. *Merrimack Loan Co.* v. *Theodorou,* 91 N. H. 487. Although the issue seems not to have been squarely raised here previously, our cases indicate that the statute of limitations is an affirmative defense which must be pleaded. See *Rines* v. *Rines,* 97 N. H. 55, and cases cited. Such, too, is the great weight of authority (54 C. J. S., s. 354), and we believe also that the better reason supports this view. While special pleas, although not mandatory, have not been abolished in this state and their purpose may be accomplished by a "brief statement" under the general issue (RSA 515:3), it was essential that the defendant either by plea or brief statement give the plaintiff notice that he was to invoke this defense. See *Rines* v. *Rines, supra; Moore* v. *Insurance Co.,* 64 N. H. 140. Yet he failed to give any notice until some three years after the entry of the action contrary to Superior Court Rule No. 21 which provides that "All special pleas and brief statements shall be filed within twenty days following the return day of the writ. . . . " 99 N. H. 610. Otherwise the rule holds that the case must be tried on the general issue unless the Court for good cause and upon such terms as justice requires relaxes it. The enforcement of this rule which is "consistent with the laws" (*Lehigh &c. Co.* v. *Company,* 89 N. H. 274, 275) was a matter for the Trial Court and the defendant's exception is overruled. *LePage* v. *Company,* 97 N. H. 46, 50-51.

While it is true that generally a verdict is not directed for the party having the burden of proof, yet there are exceptional cases "where the evidence justifies the granting of a directed verdict in favor of the party having" that burden. *Lumbermen's Mut. &c. Co.* v. *Rozan,* 92 N. H. 328, 330. The signatures on the notes were admitted as previously shown and no testimony was introduced to rebut the evidence that the notes were given for valuable consideration. See also, RSA 337:24. It seems to us that the action on the notes falls within the principle of the *Rozan* case and the

Court properly directed a verdict in the plaintiff's favor.

With reference to the defendant's contention that there was an agreement between himself and his brother Lloyd, to which Mrs. Rollins assented, whereby Lloyd was to assume the defendant's obligations on the notes and Harold was to be released, it seems sufficient to say that the record is barren of evidence to support any such agreement. The facts necessary to uphold a finding that the alleged agreement was an accord and satisfaction (Restatement, Contracts, ss. 417, 418) or a novation (*Id.*, s. 424) are lacking and the defendant's argument cannot be adopted. See *Cutting* v. *Whittemore,* 72 N. H. 107, 108; *Staples* v. *Davis,* 75 N. H. 383.

While the question as to whether the granting of the nonsuit in Skillings' action against Mrs. Rollins to recover for services is not free from difficulty, an examination of the record reveals that taking the evidence most favorable to him, the jury could find that for a number of years when Mrs. Rollins "wanted anything say in Portland, or Portsmouth, he drove the car there and got it." He did errands for her, filled the oil bottle for the stove, and drove her around in her car whenever she wished him to do so. There was further testimony that "If there was anything she wanted done and she asked Harold, he would do it." Since he was not a member of her family (*cf. Johnson* v. *Johnson,* 99 N. H. 392) her knowing acceptance of his services was evidence of a mutual understanding they were to be paid for. *Decatur* v. *Cooper,* 85 N. H. 250, 253. While it may be argued that the services were comparatively minor and that other circumstances militated against any finding of a binding agreement between the parties, yet we believe these questions were for the jury to decide and the plaintiff's exception to the granting of a nonsuit must be sustained.

This appears to dispose of all exceptions of merit in both cases, and the order is

> *In the case of the plaintiff executor, judgment for the plaintiff; in the case of the plaintiff Skillings, new trial.*

All concurred.