Grafton
No. 79-074

FRANK M. AUSTIN

v.

WILLIAM P. ELLIS AND JOANMARIE ELLIS *& a.*

October 12, 1979

*Frank M. Austin*, of Rumney, pro se.

*Douglas A. Jones*, of Lebanon, orally, for the defendants.

BOIS, J.    This is a petition to quiet title. RSA 498:5-a (Supp. 1977). The plaintiff excepts to an adverse ruling of the Trial Court (*Johnson, J.*) who entered a decree for the defendants awarding them all of the real estate in dispute. RSA 498:5-d (Supp. 1977). The issues come to us in the form of a bill of exceptions, RSA 490:10, because the court rejected plaintiff's proposed reserved case. *See* RSA 491:17. We overrule the plaintiff's exceptions.

■■■■■    ■■■■

Based on a 1962 warranty deed conveying adjacent property, the plaintiff claims ownership to a strip of land in Canaan. He further claims that the defendants' respective deeds were not intended to encompass the disputed land. Because the defendants possess the disputed land, the plaintiff bears the burden of proving ownership. *Judge v. Field*, 112 N.H. 337, 339, 295 A.2d 459, 460 (1972); *Adams v. Mellian*, 99 N.H. 140, 142, 106 A.2d 389, 390 (1954). *See generally Pray v. Great Falls Manufacturing Co.*, 38 N.H. 442 (1859).

■■ The establishment of a boundary line that conforms to calls in a deed is for the trier of fact and will not be disturbed if the finding is supported by the evidence. *Pugliese v. Steele*, 119 N.H. 743, 408 A.2d 113 (1979); *Seely v. Hand*, 119 N.H. 303, 307, 402 A.2d 162, 166 (1979); *Starvish v. Farley*, 115 N.H. 598, 602, 347 A.2d 175, 177 (1975). The record before us indicates that an authenticated survey was introduced into evidence at trial along with testimony from at least four credible and knowledgeable witnesses, including that of a licensed surveyor. We hold that the court's decree is clearly supported by record evidence.

The plaintiff has, however, raised two issues of law in his exception to the trial court's decree. He argues that the court improperly admitted into evidence a private survey commissioned by the defendants, and that the judge deliberately deprived him of a fair trial because he was a pro se plaintiff.

The plaintiff relies on *Blake v. Doherty*, 18 U.S. (5 Wheat.) 359 (1820), for the proposition that a privately commissioned land survey is inadmissible in an action to quiet title. The plaintiff's reliance is misplaced. In the cited case, the competing claims to the disputed land were founded on grants from the State governments of North Carolina and Tennessee. The rule enunciated in that case is applicable only to the peculiar set of circumstances in that dispute.

■ All claims in the present case are founded on deeds issued by private grantors. It is well established in New Hampshire that a properly authenticated private survey is admissible evidence that may be used to illustrate the testimony of the surveyor who made it. *E.g., Sheldon v. Sevigny*, 110 N.H. 419, 272 A.2d 134 (1970); *see* Annot., 9 A.L.R.2d 1044 § 8 (1950); 29 AM. JUR. 2d *Evidence* § 908 (1967). The survey admitted in the present case was prepared by a licensed land surveyor, with a degree in forestry and ten years of professional experience, who consulted official deed records, utilized aerial photographs, and conducted an actual field survey. The surveyor testified at trial and authenticated his work. The trial court did not err in admitting the survey.

■ Finally, the pro se plaintiff claims that he was denied a fair trial. The court is confronted by an especially difficult task when one of the litigants chooses to represent himself. The court's essential function to serve as an impartial referee comes into direct conflict with the concomitant necessity that the pro se litigant's case be fully and competently presented. ABA STANDARDS, COMM. ON STANDARDS OF JUDICIAL ADMINISTRATION, TRIAL COURTS § 2.23, at 45–47 (1976). "The proper scope of the court's responsibility [to a pro se litigant] is necessarily an expression of careful exercise of judicial discretion and cannot be fully described by specific formula." *Id.* at 46. Therefore, we prescribe none.

■ Nevertheless, we have carefully studied the record and transcript in order to evaluate the merit of the plaintiff's charge against the trial court, and conclude that the charge has no basis in fact. The court relaxed the rules of evidence and made a special effort to explain to the plaintiff proper courtroom procedures in order to facilitate the plaintiff's presentation of his case. We commend the court's conduct of the trial and reject the plaintiff's charge.

*Exceptions overruled.*

All concurred.