Strafford
No. 80-409

## DOVER SCHOOL COMMITTEE

v.

## EULER & LITTLEFIELD & a.

August 10, 1981

*Nadeau & Gray*, of Dover (*Douglas C. Gray* on the brief and orally), for the plaintiff.

*Alexander J. Kalinski*, of Manchester, by brief and orally, for the defendant Henry J. Euler, Jr.

PER CURIAM. This is an interlocutory appeal from the Trial Court's (*Goode*, J.) denial of the defendant Henry J. Euler's motion for summary judgment. (RSA 491:8-a (Supp. 1979).) The motion was based upon the defendant's contention that the plaintiff's action was barred by the statute of limitations set forth in RSA 508:4 (Supp. 1979).

While denying the defendant's motion, the trial court did so without prejudice, and made no finding as to when the cause of action involved accrued. Moreover, the court's order expressly stated that it was subject to later reconsideration. Under the circumstances, while it now appears that this is a matter that might have been declined under our Rule 8, we will nevertheless briefly refer to the facts and issues involved in the case in an effort to contribute to the more orderly and expeditious consideration of this case upon remand to the trial court.

In 1969, the Dover School Committee contracted with the architectural firm of Euler & Littlefield for the design and supervision of the construction of an addition to a school. Construction was completed in 1971, and the school committee voted to accept the construction as being complete. In 1974, the roof to the addition developed a leak, and the committee contacted the contractors and the architect, who declined to undertake the responsibility for

repairing the roof. The committee brought suit against the contractors and the architect by writs dated October 17, 1977.

The architect claims that the minutes of the Dover School Board indicate that it accepted the entire construction project and made final payment on August 7, 1971. The architect asserts, therefore, that because performance of his contract with the school board was then complete, the statute of limitations began to run as of that date. If the architect is correct, it would follow that the statute of limitations for commencing an action on the contract would have expired on August 7, 1977, two months before the present action was brought. In support of his position, the architect points to a clause in his contract with the board that states: "[T]he Construction Phase . . . will terminate when final payment is made by the owner to the contractor."

None of the arguments made by the defendant architect warrants our overruling the trial court's denial of the motion for summary judgment. As we noted earlier, the trial court has made no final ruling, and it appears that it has not determined when the contract was completed. Moreover, our review of the record indicates that there is also evidence in the minutes of the school board that it did not accept the contract until November 2, 1972, a date that would bring the commencement of the writ within the six-year limitation period. In addition, it appears that the plaintiff also argues that it could not have discovered the breach of contract until the roof first started to leak. The effect of this claim is left to a determination by the trial court in the first instance.

Finally, the architect's contract provides that the architect also had the responsibility of "[p]roviding services after final payment to the contractor." This would appear to effectively eliminate the architect's claim that the limitation period began to run when the board made final payment to the contractor.

We need not comment further in order to demonstrate that there is a genuine issue of material fact in dispute, namely the date when the contract between the school board and architect was completed. The motion for summary judgment was therefore properly denied, and the case is remanded to the trial court for further proceedings consistent with this opinion.

*Remanded.*

BATCHELDER, J., did not sit.