Exeter District Court
No. 92-545

EXETER HOSPITAL

v.

DEBORA AND HARVEY HALL

July 7, 1993

398

*Engel, Gearreald & Gardner, P.A.*, of Exeter (*Mark S. Gearreald* on the brief and orally), for the plaintiff.

*Debora and Harvey Hall*, pro se, filed no brief; *Debora Hall*, by leave of the court, orally.

PER CURIAM. The plaintiff, Exeter Hospital (the hospital), appeals the decision of the Exeter District Court (*Cullen*, J.) dismissing its case against the defendants, Debora and Harvey Hall, as barred by the three-year statute of limitations for personal actions. *See* RSA 508:4, I (Supp. 1992). We reverse and remand.

In April 1987, the Halls signed an agreement acknowledging a debt to the hospital of $4,214.59 and promising "to pay Exeter Hospital the sum of $5,619.45 (the excess over and above $4,214.59 representing attorney's fees), payable in equal installments of $40 on the 1st of each month beginning May 1, 1987, with a final payment in the amount of $19.45." The hospital alleges that the Halls made periodic payments on their debt for approximately three years, but then ceased payment after August or September of 1990. At oral argument before this court, Debora Hall admitted making payments "quite a few times," but did not specify the dates of those payments.

The hospital sued the Halls in assumpsit in January 1992, claiming a debt "now due and owing" of $4,459.45, plus attorney's fees, court costs, and interest. The Halls thereafter filed an appearance but submitted no special plea, brief statement, or other notice of any claimed affirmative defense. After an unrecorded trial, the trial court ruled in favor of the Halls and issued the following order:

"The evidence before the court consists of hospital records dated 11/28/86 and an agreement dated 4/29/87. The defendants stated that they would like to make payments in accordance with the agreement, but they would like a receipt for each payment.

The court has no evidence before it of any payments made in accordance with the agreement.

The court finds that this action is barred by RSA 508:4, I (Supp. 1991)."

The hospital filed a motion for reconsideration and for rehearing, arguing that the trial court erred in raising the statute of limitations

defense *sua sponte* and erred in ruling the case time-barred. The Halls, the hospital asserted, had made a payment on the debt within the last three years, taking the case out of the statute of limitations. The court, however, denied the motion, ruling in part:

"The Plaintiff asserts in its motion for reconsideration that payments were made in accordance with the April 28, 1987 agreement with 'the last payment being made on August 3, 1990.' This statement is contradictory to the finding of the court [that there was] 'no evidence before it of any payments made in accordance with the agreement' of April 28, 1987."

This appeal followed.

The hospital argues that the trial court unfairly prejudiced its case by first raising the statute of limitations defense *sua sponte* in its post-trial order of dismissal and then prohibiting the hospital from presenting evidence of recent payments to rebut the defense. The hospital explains that it did not introduce records of these payments at trial because it had no notice of any defense involving them. We agree that the court erred in denying the hospital the opportunity to rebut the statute of limitations defense, but find no error in the court's decision to raise the defense *sua sponte*.

New Hampshire District and Municipal Court Rule 3.10(A) provides:

"All special pleas and brief statements shall be filed within thirty days following the return day of the writ; otherwise, the cause shall be tried upon the general issue. No brief statement or special plea shall be afterwards received except by leave of court for good cause shown and upon such terms as justice may require."

As "the statute of limitations is an affirmative defense which must be pleaded," *Yeaton v. Skillings*, 100 N.H. 316, 320, 125 A.2d 923, 926 (1956), a defendant cannot ordinarily enjoy its benefits unless he or she raises it by complying with Rule 3.10(A), thereby giving the plaintiff adequate notice of the defense and a fair opportunity to rebut it, *see id.*; *see also* R. WIEBUSCH, 4 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 292, at 200 (1984). Although Rule 3.10(A) affords a district court judge discretion to allow late filing of a brief statement or special plea "for good cause shown," the rule does not specifically allow a judge to raise an affirmative defense *sua sponte*. Neither, however, does the rule specifically *forbid* a

judge from raising such a defense *sua sponte*. Moreover, New Hampshire District and Municipal Court Rule 1.1 provides: "As good cause appears and as justice may require, the court may waive the application of any rule . . . ." The trial judge here apparently found that justice required the statute of limitations defense to be raised and Rule 3.10(A) waived, and we see no basis for holding that he abused his discretion, nor do we consider this issue under the inherent powers of the court.

■ We hold, however, that the trial court erred in denying the hospital's motion for a rehearing to present evidence to rebut the statute of limitations defense. The Halls do not contest the hospital's claim that the court deprived it of an opportunity to present a rebuttal. Nor do they deny the validity of the general rule that "part payment of a debt tolls the statute of limitations such that it commences to run from the date of last payment." *St. Francis Medical Center v. Vernon*, 576 N.E.2d 1230, 1231 (Ill. App. Ct. 1991); *see also Yeaton*, 100 N.H. at 320, 125 A.2d at 926. Thus, if the hospital had been able to prove that the Halls made a payment on the debt within the past three years, the statute of limitations defense would have failed. But because the Halls had not raised this defense prior to trial, the hospital had no way of knowing that the evidence of recent payment would be relevant, let alone dispositive of its case. It was, therefore, unfair for the trial court to hold the absence of this rebuttal evidence against the hospital, and then foreclose the hospital from any opportunity to present such testimony. The Halls, after all, bore the burden of proving this affirmative defense. *See Gephart v. Daigneault*, 137 N.H. 166, 172–73, 623 A.2d 1349, 1353 (1993).

■ We reiterate that the purpose of Rule 3.10(A) is to give plaintiffs adequate notice of a claimed defense and a fair opportunity to respond to it. The trial court's denial of the motion for a rehearing produced precisely the type of prejudice Rule 3.10(A) was intended to prevent. We reverse and remand for a rehearing to allow the hospital an opportunity to present evidence relating to the statute of limitations defense.

*Reversed and remanded.*

JOHNSON, J., concurred specially; the others concurred.

JOHNSON, J., concurring specially: I concur in the majority opinion's holding that the trial court erred in denying the hospital's motion for a rehearing, but disagree with its holding that the trial court properly raised the statute of limitations defense *sua sponte*.

Whether the litigants appear *pro se* or are represented by counsel, it is the defendant's responsibility to raise an affirmative defense, such as the statute of limitations, and failure to do so within a prescribed period of time should be deemed a waiver, *see Yeaton v. Skillings*, 100 N.H. 316, 320, 125 A.2d 923, 926 (1956); R. WIEBUSCH, 4 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 292, at 200 (1984); *cf. Shortlidge v. Gutoski*, 125 N.H. 510, 516–17, 484 A.2d 1083, 1088 (1984) (failure to file plea of abatement in district court within thirty days will result in a waiver). It is undisputed that the Halls never filed a special plea or brief statement or otherwise raised the statute of limitations as a defense, and never sought an exception to Rule 3.10(A)'s thirty-day rule. Accordingly, I would read Rule 3.10(A) as foreclosing the defendants from enjoying the benefits of the defense.

The question then arises whether the trial court's decision to disregard Rule 3.10(A) was justified under Rule 1.1, presumably because of the Halls' status as *pro se* litigants. I recognize that "[t]he court's essential function to serve as an impartial referee comes into direct conflict with the concomitant necessity that the *pro se* litigant's case be fully and competently presented." *Austin v. Ellis*, 119 N.H. 741, 743, 408 A.2d 784, 785 (1979). But while a judge may relax the rules of evidence for *pro se* litigants and explain courtroom procedures to them, *see id.*, or even explain the relevant law to them, *see State v. Brodowski*, 135 N.H. 197, 200, 600 A.2d 925, 926–27 (1991), the judge's constitutional obligations to remain impartial, N.H. CONST. pt. I, art. 35, and refrain from aiding litigants in the substance of a case are paramount. Raising an affirmative defense *sua sponte*, in my view, crosses the line from conscientiously explaining procedure to an inexperienced *pro se* litigant to intervening in the substance of a case on behalf of one of the parties. A *pro se* litigant should not receive a benefit from his or her decision not to retain the services of counsel. Accordingly, I would hold that the trial court's action in raising the statute of limitations defense *sua sponte* was error.