Rockingham
No. 94-843

WILLIAM J. AND LORETTA FOTHERGILL

v.

SEABREEZE CONDOMINIUMS AT HAMPTON ASSOCIATION

June 6, 1996

*Robert G. Tetler*, of Hampton, by brief and orally, for the plaintiffs.

*Boynton, Waldron, Doleac, Woodman & Scott, P.A.*, of Portsmouth (*Christopher E. Grant* on the brief and orally), for the defendant.

JOHNSON, J. The plaintiffs, William J. and Loretta Fothergill, sued the defendant, Seabreeze Condominiums at Hampton Association (association), for damages to a condominium unit they owned. The association moved for summary judgment based on the applicable statute of limitations. The Superior Court (*Gray*, J.) treated the motion as a motion to dismiss and granted it. The Fothergills appealed, contending that the court erred in treating the association's summary judgment motion as a motion to dismiss. Moreover, they argue that the association never raised this defense in a special

plea, brief statement, or motion to dismiss pursuant to New Hampshire Superior Court Rules 14 and 28. We affirm.

■ The Fothergills argue preliminarily that the association's summary judgment motion was an improper vehicle for raising its statute of limitations defense. We disagree. Although this defense frequently appears in motions to dismiss, *see, e.g., Glines v. Bruk*, 140 N.H. 180, 181, 664 A.2d 79, 80 (1995); *McCollum v. D'Arcy*, 138 N.H. 285, 286, 638 A.2d 797, 798 (1994); *Black Bear Lodge v. Trillium Corp.*, 136 N.H. 635, 636, 620 A.2d 428, 428 (1993), it occasionally surfaces in summary judgment motions as well, *see, e.g., Bronstein v. GZA Geoenvironmental, Inc.*, 140 N.H. 253, 254, 665 A.2d 369, 371 (1995); *Wolf Investments, Inc. v. Town of Brookfield*, 129 N.H. 303, 304, 529 A.2d 861, 861 (1987); *Dover School Committee v. Euler & Littlefield*, 121 N.H. 757, 757, 436 A.2d 71, 71 (1981); *cf. Conrad v. Hazen*, 140 N.H. 249, 250, 665 A.2d 372, 374 (1995) (superior court treated motion to dismiss raising statute of limitations defense as motion for summary judgment). No court rule, statute, or case law forbids the latter practice. Moreover, RSA 491:8-a (1983), governing summary judgment motions, appears to allow it: "Summary judgment shall be rendered forthwith if . . . there is no genuine issue as to any material fact and . . . the moving party *is entitled to judgment as a matter of law.*" RSA 491:8-a, III. A defendant is generally entitled to judgment as a matter of law if the plaintiff files suit after the applicable statute of limitations period has run and no exceptions apply. *See* RSA 508:4, I (Supp. 1995). We therefore find no error in the association's use of a summary judgment motion to raise its statute of limitations defense.

The Fothergills next argue that the superior court should not have treated the association's summary judgment motion as a motion to dismiss. Again, we find no error. Because the association properly used the summary judgment motion to raise the statute of limitations defense, the Fothergills' suggestion that the trial court inappropriately "correct[ed] the mistakes of [the association's] counsel" is based on a faulty premise. More importantly, the Fothergills do not allege that the superior court's action prejudiced them. *Cf. Gosselin v. Gosselin*, 136 N.H. 350, 352, 616 A.2d 1287, 1288 (1992) (amendment to pleadings generally allowed unless opponent can show incurable prejudice). Thus, reversal would be unwarranted.

■ The Fothergills finally argue that the association's motion was untimely. RSA 491:8-a, I, does not limit the time within which a summary judgment motion may be filed. The Fothergills contend, however, that because "the statute of limitations is an affirmative

defense which must be pleaded," *Yeaton v. Skillings*, 100 N.H. 316, 320, 125 A.2d 923, 926 (1956), Superior Court Rules 14 and 28 required the association to file a brief statement, special plea, or motion to dismiss raising the defense within thirty days after the return day, *see id.* The association's failure to do so, they assert, obliged the superior court to deem the defense waived.

Rule 14 provides, in pertinent part: "Special appearances shall be deemed general thirty days after the return day of the action, unless a special plea or motion to dismiss is filed within that time." Rule 28 states:

> All special pleas and brief statements shall be filed *within thirty days following the return day of the writ*; otherwise, the cause shall be tried upon the general issue. No brief statement or special plea shall be afterwards received *except by leave of Court for good cause shown and upon such terms as justice may require.*

(Emphasis added.)

Our holding in *Exeter Hospital v. Hall*, 137 N.H. 397, 629 A.2d 88 (1993), a case involving a district and municipal court rule identical to Rule 28, resolves the issue in the association's favor. There, the district court judge ruled the plaintiff's suit barred by the statute of limitations even though the defendants did not file a special plea or brief statement within thirty days of the writ's return day. *Id.* at 398–99, 629 A.2d at 89. As here, the trial judge did not explain his reasons for waiving the thirty-day time limit. We stated, however, that we saw "no basis for holding that he abused his discretion," *id.* at 400, 629 A.2d at 89–90, and noted that the judge "apparently found that justice required" waiver of the time limit, *id.* at 400, 629 A.2d at 89.

■ This case cannot be meaningfully distinguished from *Exeter Hospital.* Moreover, the association presents a stronger case than did the defendant in *Exeter Hospital.* Although the superior court gave no explanation for its ruling, the transcript of the hearing on the Fothergills' motion for reconsideration does reveal a valid basis for it. The association stated that it did not comply with Rule 28's thirty-day limit because the viability of a statute of limitations defense could not be determined from the writ itself. The association argued that the Fothergills

> prosecuted this action by doing basically nothing in the case since 1990. It could have been that this case could have been dismissed for lack of prosecution under Rule 168. . . . So when this [case] came up on a trial list because it hadn't

been dismissed, we began investigation and found out there was documentation of Mr. Fothergill's knowledge long before the accrual date necessary for the statute of limitations.

The association also contended that "there's nothing that they can say they were prejudiced in. There's nothing that they could say in the development of the case that they would have done otherwise because they haven't done anything." At no time did the Fothergills plead or argue prejudice before the superior court. We conclude from this and from the holding in *Exeter Hospital*, 137 N.H. at 400, 629 A.2d at 89–90, that the superior court had adequate grounds to find good cause to waive Rule 28's thirty-day limit and to rule that justice required such a waiver. SUPER. CT. R. 28; *cf. Gosselin*, 136 N.H. at 352, 616 A.2d at 1288.

The Fothergills argue in passing that the statute of limitations period did not, in fact, run. In light of the cursory nature of their argument, we deem the issue waived and do not address it. *See Coakley v. Maine Bonding & Cas. Co.*, 136 N.H. 402, 409, 618 A.2d 777, 781 (1992).

*Affirmed.*

All concurred.