Hillsborough-northern judicial district
No. 95-320

JOHN AND SUSAN MEANEY

v.

ALFRED RUBEGA

December 31, 1997

*Stein, Volinsky & Callaghan, P.A.*, of Concord (*Robert A. Stein* and *Peter J. Lavallee* on the brief, and *Mr. Stein* orally), for the plaintiffs.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Andrew D. Dunn* and *Julie A. Dascoli* on the brief, and *Mr. Dunn* orally), for the defendant.

## MEMORANDUM OPINION

BROCK, C.J. The plaintiffs, John and Susan Meaney, appeal the Superior Court (*Sullivan*, J.) denial of their motion to set aside the verdict and for a new trial based on the trial court's failure to instruct the jury that brake failure is an affirmative defense. We affirm.

On June 10, 1992, plaintiff John Meaney was exiting his State Police cruiser at a construction site on Interstate 89 in Hopkinton when a vehicle operated by the defendant, Alfred Rubega, struck the cruiser. The plaintiffs sued the defendant for negligence and for loss of consortium. The defendant denied liability "on the basis of the failing of his brakes, which were presumed to be in good working order."

At trial, the plaintiffs requested that the trial court instruct the jury that brake failure is an affirmative defense, requiring the defendant to prove by a preponderance of the evidence that brake failure was the cause of the accident. The trial court denied the request. The jury returned a verdict for the defendant; this appeal followed.

■ "The purpose of jury instructions is to identify the factual issues which are material for a resolution of the case, and to inform the jury of the appropriate standards by which they are to decide them." *Peterson v. Gray*, 137 N.H. 374, 377, 628 A.2d 244, 246 (1993) (quotation omitted). We review the propriety of jury instructions by looking at the charge as a whole. *Chellman v. Saab-Scania AB*, 138 N.H. 73, 79, 637 A.2d 148, 151 (1993). "A jury must be instructed adequately and accurately on the relevant law, and whether or not a particular instruction is necessary is left to the trial court's sound discretion." *State v. Seymour*, 140 N.H. 736, 744, 673 A.2d 786, 793 (1996).

■ An affirmative defense is a "matter asserted by [the] defendant which, assuming the complaint to be true, constitutes a defense to it." BLACK'S LAW DICTIONARY 60 (6th ed. 1990). In other words, by raising an affirmative defense, the defendant admits the plaintiff's allegations but provides an excuse or justification or otherwise defeats the plaintiff's cause of action. *See Seavy v. Dearborn*, 19 N.H. 351, 355 (1849); *see also Fothergill v. Seabreeze Condos.*, 141 N.H. 115, 116-117, 677 A.2d 696, 697-98 (1996) (noting statute of limitations is affirmative defense).

On the other hand, "a denial is a traverse of the facts alleged in the [plaintiff's] pleading." 61A AM. JUR. 2D *Pleading* § 169 (1981). Rather than accept the plaintiff's characterization of the facts, a general denial "goes to the root of the cause of action and permits the introduction of any proper evidence tending to controvert the facts which the plaintiff must establish to sustain his [or her] case." *Id.* § 364.

■ The defendant's assertion of brake failure as the cause of the accident was a denial of negligence, not an affirmative defense. The plaintiffs alleged that the defendant "failed and neglected to keep a proper lookout and to operate his vehicle in a safe, reasonable, lawful and prudent manner." Rather than agreeing with the plaintiffs' characterization, the defendant contested the plaintiffs' assertion that he operated his vehicle in a negligent manner. The cause of the accident, the defendant maintained, was brake failure, not his negligence. Although brake failure "sounds like a defense, . . . it reflects nothing more than a denial by the defendant of negligence." *Dyer v. Herb Prout & Co.*, 126 N.H. 763, 765, 498 A.2d 715, 717 (1985); *accord McVey v. St. Louis Public Service Company*, 336 S.W.2d 524, 528 (Mo. 1960) (stating brake failure not affirmative defense but evidence from which jury could have found that defendant was not negligent).

A defendant charged with the negligent operation of a motor vehicle may show himself free of the alleged negligence by evidence of a sudden brake failure. Such evidence does not present an affirmative defense but goes to show that the sudden brake failure, and not the defendant's negligence, was the proximate cause of the injury. Sudden brake failure . . . is merely a denial of the plaintiffs' cause of action and is properly received under a general denial. The risk of non-persuasion on the issue of defendant's negligence remains with the plaintiff.

*Coffel v. Spradley*, 495 S.W.2d 735, 740 (Mo. Ct. App. 1973) (citations omitted).

The trial court properly rejected the plaintiffs' contention that brake failure is an affirmative defense. Consequently, we find no abuse of discretion in the trial court's refusal to instruct the jury otherwise. *See Seymour*, 140 N.H. at 745, 673 A.2d at 793.

*Affirmed.*

JOHNSON, J., dissented; the others concurred.

JOHNSON, J., dissenting: I respectfully dissent because I firmly believe that a defendant's claim of sudden brake failure constitutes an affirmative defense.

Whether "sudden brake failure" constitutes an affirmative defense presents us with a question of first impression. *Dyer v. Herb Prout & Co.*, 126 N.H. 763, 498 A.2d 715 (1985), cited by the majority, had nothing to do with sudden brake failure; that case involved a vehicle which left the highway, turned over, and burst into flames. We held that the trial court erroneously gave the jury a "pure accident" instruction.

In the case of "sudden brake failure," some courts have applied traditional negligence concepts requiring a plaintiff to prove the negligence of a defendant, which in this case would mean the absence of brake failure. *See Bourke v. Watts*, 391 N.W.2d 552, 556-57 (Neb. 1986); *see also McVey v. St. Louis Public Service Company*, 336 S.W.2d 524, 528 (Mo. 1960). Conversely, other courts have considered "sudden brake failure" an affirmative defense. *See, e.g., Ironman v. Rhoades*, 493 So. 2d 1097, 1098 (Fla. Dist. Ct. App. 1986); *Bridwell v. Segel*, 106 N.W.2d 386, 387-88 (Mich. 1960); *Bullock v. Sim Ramsey, Jr. Trucking Co.*, 207 So. 2d 628, 631 (Miss. 1968); *Roberts v. Hooper*, 438 A.2d 351, 352-53 (N.J. Super. Ct. App. Div. 1981). I find the reasoning of these courts for classifying "sudden brake failure" as an affirmative defense persuasive.

The defendant urges us to characterize "sudden brake failure" as a denial of negligence and not as an affirmative defense. A denial is evidence of any matter that directly controverts the fact of the defendant having committed the complained of acts. *See Fuller v. Rounceville*, 29 N.H. 554, 558-59 (1854). Here, the defendant admits that the car he was driving struck the rear of the stationary cruiser, which then struck and injured the plaintiff. On these facts, the plaintiff has established a *prima facie* case of negligence. The substance and effect of the defendant's assertion of a "sudden brake failure" proffers an excuse or justification: his brakes, presumptively in good working order, failed. Accordingly, I would conclude that the defendant's excuse or justification of "sudden brake failure" constitutes an affirmative defense.

The equities regarding the accessibility to evidence favor treating "sudden brake failure" as an affirmative defense and thereby placing the burden of proof on a defendant. I find the reasoning expounded by the California Supreme Court in *Harris v. Irish Truck Lines, Inc.*, 521 P.2d 481 (Cal. 1974), persuasive:

> In the case of an alleged brake failure, . . . the defendant driver will ordinarily be in a better position to furnish evidence as to the cause of the brake failure than the plaintiff. The defendant is the one who was in control of the vehicle prior to the accident and who had access to knowledge of its condition at that time. After the accident, the defendant generally retains possession of the defective vehicle and . . . will often repair the brakes before any claim is made by the plaintiff. Under such circumstances, the defendant and his mechanic are in a far better position than the plaintiff to demonstrate what condition caused the brake failure as well as why such condition could not be detected by reasonable inspection and repair.

*Id.* at 483-84. A defendant should not be permitted to merely allege that his or her brakes suddenly failed and then rest on the allegation while requiring the plaintiff to disprove it. This is especially true where defendants generally have control of evidence that will prove or disprove their defense to conduct that, on its face, gives rise to a finding of liability.

I would hold that a proper instruction would have explained that the defendant has the burden of proving by a preponderance of the evidence that: (1) the brakes were defective; (2) the defect was unknown to the defendant; (3) the defendant could not have discovered the defect by the exercise of due care; and (4) the brake

failure was the sole and proximate cause of the accident. *See Savage v. Blancett*, 198 N.E.2d 120, 124 (Ill. App. Ct. 1964).

For these reasons, I respectfully dissent.