# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2015-0186, <u>Carol Rose v. Jason Purdy</u>, the court on October 26, 2015, issued the following order:**

Having considered the plaintiff's brief and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Carol Rose, appeals an order of the Circuit Court (<u>McKenna</u>, J.) dismissing her small claim complaint against the defendant, Jason Purdy. The trial court dismissed the complaint because: (1) "[t]here was a previous lawsuit between the parties where the issues of this case could have, and should have been raised"; and (2) "[t]he cause of action is based upon matters that ripened March 2nd, 2010 more than three years before this case was filed on May 7, 2014." In context, we construe the order as relying upon the doctrine of res judicata and the applicable statute of limitations, <u>see</u> RSA 508:4 (2010), in dismissing the plaintiff's small claim complaint. <u>See</u> <u>In the Matter of Salesky & Salesky</u>, 157 N.H. 698, 702 (2008) (interpretation of a trial court order is a question of law, which this court reviews <u>de</u> <u>novo</u>).

On appeal, the plaintiff does not challenge the grounds relied upon by the trial court in dismissing the case. Instead, she argues that the trial court: (1) violated her right to due process and certain court rules by granting the defendant's earlier motion to vacate a default judgment based upon his failure to attend a hearing on the merits; and (2) erred by dismissing the case without holding a hearing on the merits.

We first address whether the trial court erred by granting the motion to vacate a default judgment. Unless otherwise prohibited by law, the trial court may waive the strict application of any rule as good cause appears and as justice may require. <u>Dist. Div. R.</u> 1.1. This rule "does not explicitly bar relief from all consequences of human neglect." <u>Perron v. Aranosian</u>, 128 N.H. 92, 95 (1986). Whether to strike a default judgment is a matter that is ordinarily left to the trial court's discretion. <u>Hudson v. Musor</u>, 128 N.H. 804, 806 (1986).

In this case, the record reveals that on the day after the trial court held a final hearing at which the defendant failed to appear, the defendant moved to vacate a default judgment, asserting that: (1) he is the executive director of a health care organization with thirty-five employees operating twenty-four hours per day; (2) his two executive assistants had unexpectedly called in sick on the prior day; and (3) his presence at work was required as a result of the

absences.  The motion further states that a page containing additional facts and evidence that the defendant would have presented at the hearing was attached; however, the copy of the motion that the plaintiff has provided on appeal does not appear to contain any attachment.  See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (appealing party bears burden to provide a record that is sufficient to decide the issues she is raising).  We conclude that the trial court did not unsustainably exercise its discretion by granting the motion to vacate the default judgment.  To the extent the plaintiff asserts that granting the motion violated her right to due process, she has not adequately developed the argument.  See State v. Blackmer, 149 N.H. 47, 49 (2003).

We next address whether the trial court erred by dismissing the case without holding a hearing on the merits.  We note that the docket sheet attached to the plaintiff's notice of appeal suggests that there was a hearing on the date that the trial court issued its dismissal order.

The trial court has discretion to raise on its own an affirmative defense, such as the statute of limitations or res judicata, and to dismiss a case on that basis.  Exeter Hospital v. Hall, 137 N.H. 397, 399-400 (1993).  Although the trial court ordinarily must allow a plaintiff an opportunity to present evidence rebutting the affirmative defense, see id., nothing in the record indicates that the plaintiff sought to present evidence rebutting the res judicata and statute of limitations grounds relied upon by the trial court.  Indeed, we note that the plaintiff does not argue on appeal that her small claim complaint was timely filed, or that it was not barred by res judicata.  To the extent she argues that the dismissal "violates the court's rules of dismissal," she has not adequately developed the argument.  See Blackmer, 149 N.H. at 49.

The remaining issues raised by the plaintiff in her notice of appeal, which she has not briefed, are waived.  See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**