# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0312, <u>In re Estate of Brian H. Shaw</u>, the court on March 18, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The appellant, the Estate of Brian H. Shaw (estate), appeals an order of the Circuit Court (<u>Cassavechia</u>, J.) in favor of the United States Department of Agriculture, Farm Service Agency (FSA) in its action against the estate to collect upon a note. The estate contends that the trial court erred by: (1) finding that the FSA had accelerated the note; (2) finding that RSA 382-A:3-118 (2011) is the applicable statute of limitations; and (3) not offsetting the value of collateral belonging to the co-debtor and others, which the FSA did not repossess, against the amount due upon the note.

We defer to the trial court's factual findings as long as they are supported by the evidence and are not erroneous as a matter of law, and we review questions of law <u>de</u> <u>novo</u>. <u>State v. Willis</u>, 165 N.H. 206, 211 (2013).

We first address whether the trial court erred by finding that the FSA accelerated the note. The trial court found that the FSA had accelerated the note in its 2009 notice of its claim and in its 2012 motion for an order of distribution. The estate argues that the notice was sent to the trial court and contains "no language . . . that all payments are due or anything to that effect" and that the motion for distribution "mentions nothing about acceleration of the . . . loan" and "was not filed to give notice to the Estate of the FSA's intention to accelerate the . . . Loan." However, the estate has failed to provide us with copies of these documents.

The estate, as the appealing party, has the burden upon appeal to provide a record sufficient to decide the issues it is raising and to demonstrate that it raised those issues in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). In the absence of these documents in the record on appeal, we assume that the evidence was sufficient to support the trial court's findings, <u>see id.</u>, and we examine the trial court's order for errors of law only, <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997). Although the estate argues that there is no "reported New Hampshire case regarding the manner of notifying a debtor of an acceleration of payments under an installment contract," without an adequate

record, we cannot say that the trial court incorrectly applied the law in this case. The trial court noted that "neither party address[ed] whether the federal or state law governs."

The estate argues that the testimony of the FSA loan officer that the FSA did not accelerate the note "should have ended the analysis on this issue." However, the trial court is free to accept or reject, in whole or in part, whatever evidence was submitted and is not required to credit even uncontested evidence. Town of Atkinson v. Malborn Realty Trust, 164 N.H. 62, 67 (2012). The trial court found that the loan officer "only testified that the lending officers failed to complete standard internal procedures for acceleration" and that the documentary evidence established that "other methods of acceleration employed by the FSA constituted 'concrete acts' comprising valid acceleration under the applicable case law and facts."

The estate argues that a 2010 letter from the FSA shows that the 2009 notice did not accelerate the note. However, the trial court refused to give the 2010 letter any weight because: (1) the estate did not submit it at the hearing, but only attached it to its post-trial brief; (2) it was submitted "without affidavit or other statement under oath verifying its validity or explaining its origin"; and (3) the trial court was "particularly disinclined to credit the letter . . . given [the estate's] counsel's attempt, at trial, to submit documentary evidence that was materially incomplete."

Upon this record, we cannot conclude that the trial court erred in finding that the FSA accelerated the note.

We next address whether the trial court applied the correct statute of limitations. Although the estate argues that the trial court applied the wrong statute, the trial court found that the estate waived this defense. The statute of limitations is an affirmative defense that must be pleaded, Exeter Hospital v. Hall, 137 N.H. 397, 399 (1993), and may be waived, see Kalil v. Town of Dummer Zoning Bd. of Adjustment, 159 N.H. 725, 728 (2010) (relying upon superior court rule). Waiver is a question of fact, and we will not overturn the trial court's determination unless it is clearly erroneous. Bartlett v. Commerce Ins. Co., 167 N.H. 521, 528 (2015).

In this case, the trial court found that the estate did not plead the statute of limitations. Instead, the trial court raised the issue sua sponte and ordered the parties to brief it; the estate, however, failed to brief the issue. As a result, in 2014, the trial court deemed any defense based upon the statute of limitations to be waived. The record does not reflect that the estate ever objected to that order.

The estate argues that "[i]t is patently unfair" to conclude that it waived this defense because it "had no obligation to file a memorandum of law regarding the statute of limitation, and there was never an order . . . that if [it] did not file a

memorandum of law it would be waiving the defense." To the extent that the estate makes a due process argument, we need not address it because it is undeveloped. See State v. Blackmer, 149 N.H. 47, 49 (2003). Moreover, it was the estate's obligation to timely raise the defense in the first instance; by raising the issue sua sponte and inviting the estate to brief it, the trial court gave the estate more process than it was due.

Upon this record, we cannot conclude that the trial court's finding of waiver was clearly erroneous.

Finally, we address whether the trial court erred by not offsetting the amount due on the note by the value of the collateral that the FSA failed to repossess. On appeal, the estate acknowledges that it "is not an accommodation party in the technical sense" and is a co-debtor on the note, which states that all signatories are "jointly and severally" liable. Nonetheless, the estate argues that the trial court "erred in not using its equitable powers to offset the value of the secured assets held by [the co-debtor and others], which the FSA chose to allow them to keep."

Although the estate made a brief equitable argument at the end of the hearing, the trial court noted that its post-trial brief asserted "the impairment of collateral defense as an accommodation party." See RSA 382-A:3-605(e) (2011). The trial court concluded that the estate did not make an equitable argument based upon its status as co-debtor until it moved for reconsideration of the trial court's final order, which found that it was not entitled to an impairment of collateral defense because its decedent was not an accommodation party. See Campo v. Maloney, 122 N.H. 162, 168 (1982) (stating impairment of collateral defense available only to sureties and not to principals). The estate has not supplied us with its post-trial brief or its motion for reconsideration. See Bean, 151 N.H. at 250.

When in response to a motion to reconsider, a trial court declines to entertain an issue not raised at an earlier time, we will uphold that decision absent an unsustainable exercise of discretion. Mortgage Specialists v. Davey, 153 N.H. 764, 786 (2006). To prevail, the party must establish that the trial court's decision was clearly untenable or unreasonable to the prejudice of its case. Id. at 789. Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion when it declined to address this issue in the estate's motion for reconsideration. Furthermore, we have reviewed the record and find no error in the trial court's decision not to grant the estate equitable relief. See Deyeso v. Cavadi, 165 N.H. 76, 79 (2013) (stating propriety of granting equitable relief rests in sound discretion of trial court).

To the extent that the estate argues that the FSA "acted in bad faith and conspired" with the co-debtor and others to hold the estate solely liable on the note, the record does not reflect that it made this argument to the trial court.

See <u>Bean</u>, 151 N.H. at 250.  In fact, when the trial court suggested that "an aroma of a conspiracy[,] of . . . collaboration[,] of favoritism . . . sort of colors this whole thing," the estate nonetheless agreed that the impairment of collateral was the primary issue.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**