# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0317, <u>Cynthia Mackillop v. Centennial View Child Care and Enrichment, LLC & a.</u>, the court on March 18, 2021, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  The plaintiff, Cynthia Mackillop, appeals orders of the Superior Court (<u>Bornstein</u>, J.) denying her partially-assented to motion to amend her complaint to add Preston Colby as a defendant.  We affirm.

The following facts are from the trial court's order or relate the content of documents in the record.  The event giving rise to the plaintiff's claim in this case, an accident in which she was injured, occurred on July 4, 2016.  In April 2018, the plaintiff initiated this action, asserting a single count of negligence against defendant, Centennial View Child Care and Enrichment Center, LLC.  In May 2019, the plaintiff amended her complaint to add a new count of negligence against defendant Lancaster Floral Design and Garden Center, Inc. (Lancaster Floral).  On October 29, 2019, the plaintiff filed her partially-assented to motion to amend her complaint for a second time, this time to add a negligence claim against Colby.

Lancaster Floral objected to the plaintiff's motion to amend her complaint to add Colby, arguing that the amendment would be futile as her claim against Colby is barred by the applicable three-year statute of limitations.  <u>See</u> RSA 508:4 (2010).  The plaintiff countered that she should be permitted to add Colby as a party pursuant to New Hampshire's policy of liberal amendment of pleadings.  The trial court subsequently granted summary judgment to Lancaster Floral.

In its order denying the plaintiff's partially-assented-to motion to amend her complaint to add Colby as a defendant, the trial court observed that the statute of limitations is an affirmative defense, which ordinarily must be pleaded so as to give the plaintiff notice and an opportunity to rebut.  <u>See</u> <u>Exeter Hospital v. Hall</u>, 137 N.H. 397, 399 (1993); <u>see</u> <u>also</u> <u>Super. Ct. R.</u> 9(d).  Here, the trial court noted, the affirmative defense was raised by Lancaster Floral, even though Lancaster Floral was no longer a party to the plaintiff's lawsuit.  The trial court reasoned that it was appropriate for the court to consider the timeliness of the plaintiff's claim against Colby because she "has received notice of the statute of limitations defense and has had an opportunity to rebut it."  <u>See</u> <u>Exeter Hospital</u>, 137 N.H. at 399-400; <u>see</u> <u>also</u> <u>Super. Ct. R.</u>

1(d) ("As good cause appears and as justice may require, the court may waive the application of any rule."). Because the plaintiff did not bring her claim against Colby until October 29, 2019, more than three years after the statute of limitations expired, and because the plaintiff did not argue that the discovery rule applied to her case, the court denied her motion to amend to add Colby as a defendant. The plaintiff moved for reconsideration arguing, for the first time, that the discovery rule applies. The trial court denied the plaintiff's motion. This appeal followed.

On appeal, the plaintiff argues that the discovery rule applies to her claim against Colby and that Lancaster Floral waived any right to rely upon the statute of limitations as an affirmative defense by failing to raise the defense in its answer. As the appealing party, the plaintiff has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's orders, the plaintiff's challenges to them, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. See id.; see also Mt. Valley Mall Assocs. v. Municipality of Conway, 144 N.H. 642, 654-55 (2000) (concluding that "the trial court acted reasonably and within its discretion" by declining to address a new issue raised for the first time in a motion for reconsideration where "the error alleged in the motion for reconsideration was readily apparent" at an earlier stage in the proceedings). All arguments that the plaintiff raised in her notice of appeal, but has not briefed, are deemed waived. See In re Estate of King, 149 N.H. 226, 230 (2003).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

2