# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0409, <u>Vatche Manoukian v. U.S. Bank Trust National Association, as Trustee of Dwelling Series IV Trust</u>, the court on February 11, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). We vacate and remand.

## I. Background

The plaintiff, Vatche Manoukian, appeals an order of the Superior Court (<u>Temple</u>, J.) denying his motion to enforce a settlement agreement to discharge a mortgage and related loan obligation with the defendant, U.S. Bank Trust National Association, as Trustee of Dwelling Series IV Trust (U.S. Bank). Although the defendant did not raise the statute of frauds as a defense to the motion, in denying the motion the trial court, <u>sua</u> <u>sponte</u>, reasoned that the purported settlement agreement was subject to the statute of frauds, <u>see</u> RSA 506:1 (2010), and, because "there [was] nothing to suggest that the parties reduced their agreement to writing," the agreement was unenforceable. The plaintiff unsuccessfully moved for reconsideration. This appeal followed.

## II. Analysis

On appeal, the plaintiff argues that the trial court erred as a matter of law by raising the statute of frauds <u>sua</u> <u>sponte</u>, and by failing to inform him that "the issue of the Statute of Frauds would be addressed at the final hearing." The defendant asserts that the trial court had the authority to raise the affirmative defense, citing <u>Exeter Hospital v. Hall</u>, 137 N.H. 397 (1993), and Superior Court Rule 1(d).

The statute of frauds is an affirmative defense on which the party seeking to enforce it bears the burden of both pleading and proof. <u>See</u> <u>Riso v. Riso</u>, 172 N.H. 173, 178 (2019). A failure to timely plead an affirmative defense, including the statute of frauds, ordinarily constitutes a waiver of the defense. <u>See</u> <u>Super. Ct. R.</u> 9(d).

Although in <u>Exeter Hospital</u> we determined that the trial court did not err by raising an affirmative defense <u>sua</u> <u>sponte</u>, that case was decided under the

language of former New Hampshire District and Municipal Court Rule 3.10(A), a rule that is no longer in effect and which differed substantially from the language of Superior Court Rule 9(d). See Exeter Hospital, 137 N.H. at 399-400 (explaining that because Rule 3.10(A) established an exception — "by leave of court for good cause shown and upon such terms as justice may require" — to the requirement that "special pleas" had to be filed within thirty days following the return day of the writ, the court's decision to raise sua sponte the affirmative defense of the statute of limitations was not erroneous (quotation omitted)); Super. Ct. R. 9(d)(16) ("[f]ailure to plead" the affirmative defense of the statute of frauds within the time allowed in section 9(b) "will constitute waiver of such defense[]"). The defendant cites no authority from this court that the trial court may sua sponte raise an affirmative defense under the Superior Court Rules.

Moreover, although we concluded in Exeter Hospital that the trial court did not err by raising the statute of limitations sua sponte under the then-applicable court rules, we held that the court did err by denying the plaintiff an opportunity to rebut the affirmative defense once the trial court had raised it sua sponte. See Exeter Hospital, 137 N.H. at 400. Accordingly, even if the trial court had authority to raise the statute of frauds sua sponte in this case, it could not deprive the plaintiff of an opportunity to rebut the defense — a defense that the defendant bore the burden of proving.

Neither the trial court's narrative order nor its margin order denying the plaintiff's motion for reconsideration explains the basis for the court's decision to, sua sponte, raise and decide the affirmative defense of the statute of frauds. As such, neither order allows an opportunity for adequate review in this court. Moreover, any application of Superior Court Rule 1(d) would require a factual finding by the trial court that "good cause" and "justice" require the court to raise — and determine the merits of — the affirmative defense of the statute of frauds sua sponte. Under these circumstances, we vacate the trial court's order and remand for further proceedings consistent with this order. On remand, the trial court shall first determine whether it has authority to raise the statute of frauds sua sponte. We express no opinion as to this question. If the trial court determines that it has such authority, it shall then hold a hearing to provide the plaintiff an opportunity to rebut the defense. See id.

Vacated and remanded.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

2